United States District Court
Southern District of Texas
**ENTERED**
June 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID L. STEWART, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-00077 |
| | § | |
| ISLAMIC REPUBLIC OF IRAN, | § | |
| | § | |
| Defendant. | § | |

## **FINAL JUDGMENT**

In accordance with the Court's Order and Opinion (Doc. 34) granting Plaintiffs' Motion for Default Judgment, Final Judgment is entered in favor of Plaintiffs David L. Stewart, Emma Stewart, C.S., R.S., K.S. and I.S. as to their causes of action against Defendant Islamic Republic of Iran.

Accordingly, it is:

**ORDERED** that Plaintiff David L. Stewart shall recover $5 million in compensatory damages and $25 million in punitive damages on his causes of action pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A;

**ORDERED** that Plaintiff Emma Stewart shall recover $1.5 million in compensatory damages on her causes of action pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A;

**ORDERED** that Plaintiff C.S. shall recover $500,000 in compensatory damages on his causes of action pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A;

**ORDERED** that Plaintiff R.S. shall recover $500,000 in compensatory damages on her causes of action pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A;

**ORDERED** that Plaintiff K.S. shall recover $500,000 in compensatory damages on his causes of action pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A;

**ORDERED** that Plaintiff I.S. shall recover $500,000 in compensatory damages on her causes of action pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A; and

**ORDERED** that this Final Judgment shall bear post-judgment interest at the statutory rate of 5.12% per annum from June 14, 2024, until it is paid in full, for all of which execution shall issue.[1]

All other relief not expressly granted is denied.

Each party shall be responsible for its own fees and costs.

The Clerk of Court is directed to close this matter.

Signed on June 14, 2024.

*Fernando Rodriguez, Jr.*

Fernando Rodriguez, Jr.
United States District Judge

---

[1] *See* 28 U.S.C. § 1961 ("Interest *shall be allowed* on any money judgment in a civil case recovered in a district court." (emphasis added)). The Court in its discretion declines to award pre-judgment interest. *See, e.g., Oldham v. Korean Air Lines Co.*, 127 F.3d 43, 54 (D.C. Cir. 1997) (quoting *Motion Picture Ass'n of Amer. v. Oman*, 969 F.2d 1154, 1157 (D.C. Cir. 1992)) (explaining that the decision whether to award prejudgment interest rests within the "discretion of the court [subject to] equitable considerations").